**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT H. AJAMIAN,

                            Plaintiff,

          - v -                                  Civ. No. 1:14-CV-1127
                                                        (DNH/RFT)

SAMUEL EGISH ZAKARIAN, *Continental Broker
Dealer Corp.*,

                            Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

ROBERT H. AJAMIAN
Plaintiff, *Pro Se*
30 Eberle Road
Latham, New York 12110

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Robert H. Ajamian, pursuant to the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), for damages resulting from Defendant Zakarian's actions. Dkt. No. 1, Compl. Plaintiff seeks permission to proceed with this action *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. He further asks the Court to direct Defendant Zakarian, whom he claims has fled the country, to obtain a bond in the amount of $150,000.00 to cover damages (Dkt. No. 5), and seeks a default judgment against Defendant Zakarian (Dkt. No. 14).

## I. IFP Application

      Turning first to Plaintiff's request to proceed with this action IFP, after reviewing the entire file, the Court finds that Plaintiff meets the economic requirement and grants permission for Plaintiff

to proceed IFP.

Having found that Plaintiff meets the financial criteria for commencing this action IFP, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is this Court's responsibility to determine whether Plaintiff may properly maintain the Complaint. *See id.*

## II. PLAINTIFF'S COMPLAINT

Plaintiff initiated this action on September 15, 2014, with the filing of his Complaint, signed and dated July 18, 2014. *See* Compl. By this action, Plaintiff claims that Defendant Zakarian defrauded him into believing that he was a capable and knowledgeable investor and instead lost tens of thousands of dollars with poor investments in Plaintiff's retirement Keogh account, while profiting off of fees. *See generally id.* Plaintiff asserts that these acts occurred in 2002, that Continental Broker Dealer Corporation has been subsequently dissolved, due mostly to their questionable investment tactics, and that Mr. Zakarian fled the country in 2004. He states that he brings this action under Section 10(b) of the Securities and Exchange Act of 1934 and that the applicable statute of limitations has been tolled due to the fact that Mr. Zakarian could not be located until recently.

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court notes that Plaintiff has filed several other actions in this District, all of which have been dismissed.[2] Of particular import in Plaintiff's litigation history is a recent case wherein he sued Samuel Egish Zakarian of Continental Broker-Dealer Corp., for mishandling his funds and failing to make conservative, safe investments in his Keogh retirement account from 2002 to 2005. *See Ajamian v. Zakarian*, Civ. No. 1:14-CV-321 (DNH/TWD). Although Plaintiff initiated that action by utilizing a *pro forma* complaint typically used by individuals seeking vindication of their constitutional rights under 42 U.S.C. § 1983, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, liberally construed the complaint to have raised several legal theories, and ultimately recommended dismissal, pursuant to 28 U.S.C. § 1915(e), of the entire action for failure

---

[2] Plaintiff has filed eight civil actions in this District from October 23, 2013 to the present:

1) *Ajamian v. State of New York*, Civ. No. 1:13-CV-1316 (MAD/TWD) (action brought against various state court judges and state entities alleging he should have been granted more money from his father's estate; defendants' motion to dismiss was granted due to Ajamian's failure to state a claim and judgment was entered on August 11, 2014; appeal dismissed on December 2, 2014, due to lacking an arguable basis in law);

2) *Ajamian v. Morgan Stanley Smith Barney, et al.*, Civ. No. 1:14-CV-306 (DNH/ATB); (action brought pursuant to 42 U.S.C. § 1983 claiming defendants violated plaintiff's constitutional right to a safe Keogh retirement account from 2000-2002; action *sua sponte* dismissed on May 28, 2014, upon court's initial review pursuant to 28 U.S.C. § 1915(e) for failure to state a claim; appeal dismissed on December 1, 2014, due to lacking an arguable basis in law);

3) *Ajamian v. Morgan Stanley Smith Barney, et al.*, Civ. No. 1:14-CV-319 (GTS/CFH) (case *sua sponte* terminated on March 26, 2014, as duplicative of Civil Case No. 1:14-CV-306 (DNH/ATB));

4) *Ajamian v. Nimeth*, Civ. No. 1:14-CV-320 (GTS/CFH) (action brought against a stock broker for allegedly violating Plaintiff's constitutional rights between March 2005 and September 2011 causing a loss in his retirement account; action *sua sponte* dismissed on May 13, 2014, upon court's initial review pursuant to 28 U.S.C. § 1915(e) for failure to state a claim; appeal pending);

5) *Ajamian v. Zakarian*, Civ. No. 1:14-CV-321 (DNH/TWD) (action brought against investment broker for failing to make safe, conservative investments in Plaintiff's Keogh retirement account from 2002-2005; action *sua sponte* dismissed on Aug. 25, 2014, upon court's initial review pursuant to 28 U.S.C. § 1915(e) for failure to state a claim; appeal pending);

6) *Ajamian v. Zakarian*, Civ. No. 1:14-CV-1127 (DNH/RFT) (current action raising issues identical to those raised in *Ajamian v. Zakarian*, Civ. No. 1:14-CV-321 (DNH/TWD));

7) *Ajamian v. Morgan Stanley Dean Witter, Inc., et al.*, Civ. No. 1:14-CV-1204 (DNH/CFH) (action brought for securities fraud and mismanaged investments; action *sua sponte* dismissed on October 30, 2014, upon court's initial review pursuant to 28 U.S.C. § 1915(e) for failure to state a claim; appeal pending); and

8) *Ajamian v. Gunn Allen Fin., et al.*, Civ. No. 1:14-CV-1211 (DNH/ATB) (action directed closed on October 8, 2014, and be refiled in Civil Action 1:14-CV-320 (GTS/CFH) as an amended complaint).

to state a claim. *Id*. at Dkt. No. 18. Included amongst Judge Dancks's thorough review is a discussion as to whether Plaintiff could bring the action pursuant to Section 10(b) of the Securities and Exchange Act of 1934. *Id*. at pp. 7-12. Judge Dancks found that not only did Plaintiff fail to meet the heightened pleading required when fraud is alleged, but he also failed to bring the action within the applicable statute of limitations. *Id*. In response, Plaintiff filed several documents with the Clerk of the Court which were broadly construed as objections to the recommendations of dismissal. *See id*. at Dkt. Nos. 19-23 & 26-29. Included amongst Plaintiff's many filings in response to Judge Dancks's Report-Recommendation are arguments regarding the tolling of the applicable statute of limitations based upon Mr. Zakarian's absence from the country; Plaintiff also submitted exact replicas of the Complaint that he filed in the instant action. *See id.* at Dkt. Nos. 19, 21, 22, & 23. On August 26, 2014, the Honorable David N. Hurd, United States District Judge, adopted Judge Dancks's recommendations and dismissed the action. *Id*. at Dkt. No. 30. On August 29, 2014, Plaintiff filed an appeal in that action, and, on September 15, 2014, Plaintiff filed the current action. Because the claims raised in the instant action mirror those claims previously dismissed, the Court recommends that this action be dismissed on the basis of *res judicata*.

The concept of *res judicata*, based in consideration of judicial time and economy, is by no means a novel concept. Generally *res judicata*, or claim preclusion, is an affirmative defense to be pleaded in the defendant's answer. *See* FED. R. CIV. P. 8(c). In this Circuit, however, it has been held that certain affirmative defenses, including *res judicata*, may be raised *sua sponte*. *See, e.g., Doe v. Pfrommer,* 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). Indeed, the

Second Circuit has held that "the strong public interest in economizing the use of judicial resources by avoiding relitigation" provides strong justification for allowing a court to raise *res judicata sua sponte*. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993).

When a judgment on the merits is entered in a case, the doctrine of *res judicata* commands preclusive effect not only on matters of law already decided, but also those which could have been raised. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (cited in *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994)). This preclusive effect applies only to future cases involving the same parties and their privies. In this Circuit, *res judicata* applies "to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (citations omitted); *see also EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007).

Because the claims raised in the instant action mirror exactly those raised in the action previously dismissed on the merits by Judge Hurd, and because the exact paperwork filed as a Complaint in this action was presented to Judge Hurd for consideration prior to ruling on the merits, Plaintiff is estopped from bringing this action. Accordingly, the case should be **dismissed**. Furthermore, in light of the recommendation of dismissal, the Court should also **deny** Plaintiff's request for a bond and default judgment. Dkt. Nos. 5 & 14.

### III. FILING INJUNCTION

The Court would be remiss if we did not deal with the fact that Plaintiff has filed eight civil actions in this Court within the span of fifteen months, seven of which have been dismissed, and the instant case now has a recommendation of dismissal pending. *See supra* note 2. In addition,

Plaintiff has filed four appeals in civil actions.[3]  *Id*.  While two of those appeals are pending, two have been dismissed based on lack of merit.[4]  The Court has also been advised that Plaintiff calls the Clerk's Office on an almost daily basis and berates the staff members who attempt to assist him.

Courts have an inherent "power to act against vexatious litigation[.]" *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981)).  Under such circumstances, "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Id*.  Indeed, a Court may enjoin such a litigant on its own motion in order to protect the public and to ensure "efficient administration of justice." *Id*.  As the Second Circuit noted, "we need not await the arrival of a litigant able to show private entitlement to relief. . . . A history of litigation entailing 'vexation, harassment and needless expense to [other parties' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *Id*. (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)).  "'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatto*, 773 F.2d , 487, 488 (2d Cir. 1985)).

A court deciding whether to enjoin a vexatious litigant from filing another action should consider several factors:

---

[3] *See Ajamian v. Morgan Stanley Smith Barney, LLC*, No. 14-2212, Notice of Appeal (2d Cir. filed June 4, 2014); *Ajamian v. State of New York*, No. 14-2934, Notice of Appeal (2d Cir. filed Aug. 15, 2014); *Ajamian v. Zakarian*, No. 14-3432, Notice of Appeal (2d Cir. filed Sept. 2, 2014); *Ajamian v. Morgan Stanley Smith Barney*, No. 14-1204, Notice of Appeal to 2d Cir. (2d Cir. filed Nov. 3, 2014).

[4] *See Ajamian v. Morgan Stanley Smith Barney, LLC*, No. 14-2212, Order (2d Cir. filed Sept. 24, 2014) (dismissing appeal for lack of arguable basis in law or fact); *Ajamian v. State of New York*, No. 14-2934, Order (2d Cir. filed Oct. 22, 2014) (dismissing appeal for lack of arguable basis in law or fact) (motion for reconsideration pending).

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Id.*

The Court finds that these factors weigh, in material respect, in support of imposing an injunction at this time. Plaintiff filed a series of lawsuits that may or may not have the aim of harassing the defendants, but certainly clogged and congested the District Court. Although the Court is unable to ascertain Mr. Ajamian's intentions with his multiple filings, the consequence evinces vexation and an unnecessary burden on the Court. And, coupled with his belligerent attitude towards staff members of the Courthouse, and particularly alarming, toward Judges, evinces an abuse of the judicial process that is likely to continue absent sanctions.

The Second Circuit has made clear that such sanctions are not to be imposed without first warning the vexatious litigant. *See generally In re Martin-Trigona*, 737 F.2d 1254; *Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997). In reviewing Plaintiff's litigation history, the Court notes that on November 13, 2014, the Honorable Glenn T. Suddaby, United States District Judge, issued an Order to Show Cause directing Plaintiff to explain "why this Court should not issue an Order barring him from filing any future *pro se* documents or motions in this action without first obtaining leave of the Court." *Ajamian v. Nimeh*, Civ. No. 1:14-CV-320, at Dkt. No. 38 at p. 6. In the event Plaintiff failed to show such cause, Judge Suddaby warned that he would be "prohibited from filing, in th[at] action, any documents or motions without prior leave of the Court, pursuant to 28 U.S.C. §1651(a) and the Court's inherent authority to control and manage its own docket so as

to prevent abuse in its proceedings." *Id*. at pp. 6-7. Judge Suddaby further warned Plaintiff that should he fail to show cause, the matter would be "forwarded to Chief United States District Judge Gary L. Sharpe with the recommendation . . . that an Anti-Filing Injunction Order be issued against Plaintiff, which would prohibit Plaintiff from filing, in the Northern District of New York, any action *pro se* (that is, without counsel) without first obtaining leave of the Court." *Id*. Currently, an appeal of that Decision and Order is pending.

A review of Plaintiff's recent filings in all his cases, even those cases that are closed, shows that such warnings have fallen on deaf ears. In fact, Plaintiff's dealings with Court personnel has led to Judge Hurd issuing an order in each of the cases he is assigned to estopping Plaintiff from communicating with members of the Court orally.[5] In light of all that is being pursued, and with an eye toward conserving judicial resources, this Court opts not to recommend at this time the course of sanctions that Judge Suddaby may consider imposing. At a minimum, the Court will direct, as Judge Hurd has in other cases, that Plaintiff is only authorized to communicate with the Court in writing addressed to the Clerk of the Court, and is specifically directed to refrain from contacting Clerk's office staff or the judicial officers assigned to this action by telephone without prior written permission of this Court. We further take this opportunity to specifically **warn Plaintiff that should he continue on this path of filing multiple, patently frivolous actions, the undersigned will use its inherent power and the power of Rule 11 of the Federal Rules of Civil Procedure to impose further sanctions upon him. Such sanctions could include, but are not limited to, recommendations of dismissal of that case, as well as any other action filed by Plaintiff in this Court, fines, and/or an injunction prohibiting the filing of additional cases in this Court**

---

[5] Pursuant to those Orders, Plaintiff is not permitted to contact the Court orally and must submit requests to file documents.

**without prior approval by the Chief District Judge.**

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** as barred by *res judicata*; and it is further

**RECOMMENDED**, that Plaintiff's request that a bond be entered and a default judgment issued (Dkt. Nos. 5 & 14) be **DENIED**; and it is further

**ORDERED**, that Plaintiff is only authorized to communicate with the Court in writing addressed to the Clerk of the Court, and is specifically directed to refrain from contacting Clerk's office staff or the judicial officers assigned to this action by telephone without prior written permission of this Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date: January 13, 2015
      Albany, New York

                                    Randolph F. Treece
                                    U.S. Magistrate Judge